# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv19
## [Criminal Case No. 1:06cr250]

| | |
|---|---|
| MARCUS ANTWON TWITTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion for Summary Judgment [Doc. 8].

The Petitioner, who proceeds *pro se*, is cautioned that he carries a heavy burden in responding to a motion for summary judgment. The Court therefore will provide the notice required by the United States Fourth Circuit Court of Appeals in <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule--set out specific

> facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed.R.Civ.P. 56(e)(2).

This language means that if the Petitioner has any evidence to offer to show that there is a genuine issue of fact, he must now present it to the Court in a form which would otherwise be admissible at trial; that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement made under oath; in other words, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Affidavits or statements must be presented, if at all, by the Petitioner to this Court on or before fifteen days from entry of this Order. As stated in Rule 56(e)(2), the Petitioner's failure to respond may result in the entry of summary judgment in favor of the Respondent.

**IT IS, THEREFORE, ORDERED** that the Petitioner may respond in accordance with Federal Rule of Civil Procedure 56(e)(2) on or before fifteen (15) days from entry of this Order.

Signed: June 3, 2010

Martin Reidinger
United States District Judge