IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv19
[Criminal Case No. 1:06cr250]

| | |
|---|---|
| MARCUS ANTWON TWITTY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

**PROCEDURAL HISTORY**

On October 3, 2006, the Petitioner and twenty-one co-defendants were charged with conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and more than 500 grams of methamphetamine, in violation of 21 U.S.C. §846. [Criminal Case No. 1:06cr250, Doc. 3]. The Petitioner entered into a plea agreement with the Government on February 7, 2007 pursuant to which he agreed to plead guilty to the conspiracy charge,

Count One. [Id., Doc. 253]. On October 9, 2007, the Petitioner was sentenced to 235 months imprisonment. [Id., Doc. 339].

The Petitioner filed a direct appeal. [Id., Doc. 346]. His appellate counsel filed an Anders[1] brief asserting that there were no meritorious grounds for appeal but raising the following claims for the appellate court's consideration: 1) erroneous denial of the Petitioner's motion for new counsel; 2) an unreasonable sentence; 3) an erroneous enhancement for possession of a weapon; 4) the erroneous computation of Petitioner's criminal history; 5) an erroneous sentence enhancement for obstruction of justice; and 6) ineffective assistance of trial counsel. On January 16, 2009, the United States Court of Appeals for the Fourth Circuit affirmed, by unpublished opinion, Petitioner's sentence and conviction. United States v. Twitty, 305 Fed. Appx. 950 (4th Cir. 2009).

On January 15, 2010, the Petitioner timely filed the instant Motion to Vacate alleging that he received ineffective assistance of trial counsel.[2] More specifically, the Petitioner alleges that he is legally incompetent and that he informed his counsel that he had a history of mental illness but his trial counsel nevertheless counseled him into pleading guilty without making an

---

[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2] The case was reassigned to the undersigned because the sentencing judge has retired.

2

inquiry into his mental health or competency.[3] The Petitioner asserts that he has " a history of . . . [d]epression, [d]ysthmic disorder, [a]lcoholic fetal syndrome, and [b]rain dysfunction," and that his verbal disclosure to counsel concerning his mental health "was sufficient to notify and inform him of what [the Petitioner] believed to be a very serious legal or [c]onstitutional issue." [Doc. 1, at 5.]

The Government has both responded and moved for summary judgment. [Doc. 7, Doc. 8]. The Petitioner was provided a Roseboro notice and filed response to the motion for summary judgment.[4] [Doc. 9, Doc. 10, Doc. 11].

---

[3]It would appear on the surface that the Petitioner had procedurally defaulted with regard to this claim. The Petitioner asserts, however, that ineffective assistance of counsel excuses his procedural default with regard to his competency claim. [Doc. 1-1, at 1-2]. The Petitioner's Motion focuses on the ineffectiveness of trial counsel, rather than appellate counsel who did not preserve the issue on appeal. Construing the Petitioner's Motion to Vacate liberally, this Court will address Petitioner's competency claim within the context of a direct ineffective assistance of trial counsel claim. Such a claim would not be procedurally defaulted because ineffective assistance of counsel claims are properly raised for the first time on collateral review.

[4]Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), requires the Court to provide notice to a *pro se* prisoner of the heavy burden that he carries in responding to a motion for summary judgment.

3

## STANDARD OF REVIEW

The Petitioner's ineffective assistance of counsel claim is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992), *certiorari denied* 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d 176 (1992). The Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to

establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), *certiorari denied* 488 U.S. 843, 109 S.Ct. 177, 102 L.Ed.2d 91 (1988). Claims of ineffective assistance of counsel at sentencing after a guilty plea, however, require a petitioner to establish that a reasonable probability exists that absent the alleged error, the results of the proceeding would have been different. United States v. Mayfield, 320 Fed. Appx. 190, 191 (4th Cir. 2009).

**DISCUSSION**

The Petitioner asserts that his counsel was ineffective for failing to request a competency hearing on his behalf. The Petitioner asserts that he has a history of depression, dysthmic disorder, fetal alcohol syndrome, and brain dysfunction and that he informed his counsel of his mental health history but that his attorney ineffectively counseled him to plead guilty without investigating the Petitioner's mental health or competency. [Doc. No. 1-1, at 3, 6]. The Petitioner contends that the medical records submitted with his §2255 motion support his claim that the state court ordered him "involuntarily committed" for treatment of his mental illness and that his "mental functioning abilities" have been described as "slow, below average, and questionable."

5

[Id., at 6]. The Petitioner argues that his mental health history was sufficient to warrant a competency hearing. Additionally, the Petitioner asserts that "[i]f the Court had been aware of [Petitioner's] mental history not only would it have observed him closer [sic] or been more cautious in accepting his plea of guilty, but the Court would've realized that [Petitioner] couldn't [sic] understand much." [Id., at 8]. Thus, he argues that he is "entitled to a competency examination *nunc pro tunc* to determine if he was competent to plead guilty." [Doc. No. 1-1 at 9.]

In order to show incompetence to plead guilty, a defendant must show "that his mental faculties were so impaired . . . when he pleaded guilty that he was incapable of full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea." Shaw v. Martin, 733 F.2d 304, 314 (4th Cir. 1984), *certiorari denied* 469 U.S. 873, 105 S.Ct. 230, 83 L.Ed.2d 159 (1984), *quoting* United States v. Truglio, 493 F.2d 574 (4th Cir. 1974); United States v. General, 278 F.3d 389, 395-96 (4th Cir. 2002), *certiorari denied* 536 U.S. 950, 122 S.Ct. 2643, 153 L.Ed.2d 821 (2002) ("the test for determining competency is whether [a defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and whether he has a rational as well as factual understanding of the proceedings against him.")

(citations omitted). A defendant has a procedural right to a competency hearing if there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent.[5] 18 U.S.C. § 4241(a). A competency hearing is only necessary, however, when a court has reason to doubt the defendant's competence. Godinez v. Moran, 509 U.S. at 401 n.13.

Notwithstanding the Petitioner's assertion to the contrary, the record simply does not support a conclusion that his counsel was ineffective. That is, the record does not establish that at the time of his criminal prosecution the Petitioner did not understand the nature and consequences of the proceedings against him or that he was unable to properly assist in his defense.

It is undisputed that Petitioner has a history of mental health issues. Such issues were reported in the pre-sentence report and were raised by Petitioner himself at his plea hearing. [Criminal Case No. 1:06cr250, Doc. 418, Doc. 382]. In addition, the Petitioner has attached documents to his

---

[5]A defendant is considered incompetent if the district court finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The competency standard for pleading guilty is identical to that for standing trial. Godinez v. Moran, 509 U.S. 389, 391, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993).

7

Motion to Vacate that establish that he was diagnosed at approximately the age of thirteen with possible fetal alcohol syndrome, dysthmic disorder (a type of depression), and adjustment disorder. [Doc. No. 1-2]. These documents also establish that the Petitioner was involuntarily committed for a period of about ten days in January 1997. [Doc. No. 1-3, at 5.] None of these diagnoses in and of themselves, however, support a conclusion that the Petitioner was incompetent, almost ten years later, to enter a guilty plea. The mere diagnosis of mental health issues at any time does not automatically equate with an inability to understand charges and assist in one's own defense. Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000), *certiorari denied* 530 U.S. 1283, 120 S.Ct. 2761, 147 L.Ed.2d 1022 (2000) ("not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.") As such, the fact that the Petitioner was diagnosed with various mental health issues almost ten years before his federal prosecution is simply insufficient as a matter of law to establish that he was incompetent to plead guilty. Id. ('[N]either low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.")

Such a conclusion is bolstered by the contents of the presentence

report. [Criminal Case No. 1:06cr250, Doc. 417]. A review of the presentence report reveals that the Petitioner clearly understood the nature and consequences of his drug dealing. [Id.]. First, the presentence report details his elaborate and desperate attempt to evade arrest. [Id., at 5-6]. Second, the presentence report details the Petitioner's coherent conversation with officers after his arrest during which he cooperated by providing details of the drug operation. [Id., at 6-7].

Likewise, the Petitioner's conduct during the criminal process supports a conclusion that he was competent to enter a guilty plea. Trial counsel swears in his affidavit that he did not, at any time, have any indication that the Petitioner did not fully understand the charges against him.[6] [Doc. No. 7-2]. Trial counsel also swears the Petitioner never exhibited any signs of mental illness or incompetence during interactions with him. [Id.]. Likewise, nothing in the Petitioner's demeanor or responses at his plea and sentencing hearings gave the Court any reason to believe that he was not competent to enter a

---

[6]The Petitioner asserts in his response to the Motion for Summary Judgment that his trial counsel states in his affidavit that the Petitioner never informed counsel about his mental health history. [Doc. 10, at 2]. The Petitioner misrepresents trial counsel's affidavit. A review of the affidavit reveals that trial counsel sets forth that he had no *present* indication that Petitioner did not understand the proceedings against him. [Doc. 7-2, Ex. 2 at ¶ 2.] Trial counsel also asserts that the Petitioner did not tell him that he presently suffered from mental illness. [Id.]. The Petitioner's counsel never states that the Petitioner did not inform him of his mental health history. Moreover, the record clearly establishes that, at a minimum, counsel and the Court were made aware of Petitioner's mental health history at the plea hearing. [Criminal Case No. 1:06cr250, Doc. 382, at 5-9].

9

guilty plea. Significantly, in his allocution at his sentencing hearing, the Petitioner stated "I recognize the wrongs that I did and now I'm trying to find a new life, a new way, so I found myself in the Bible, trying to figure out where I went wrong and how to change." [Criminal Case. No. 1:06cr250, Doc. 381, at 6].

In conclusion, the Petitioner has not established that his counsel's performance was deficient. Neither counsel nor the Court observed any behavior which would have led them to question whether the Petitioner was competent to enter a guilty plea. The Petitioner's ten year old diagnoses of mental health issues does not equate with a finding of incompetence at the time of prosecution. As such, counsel was not ineffective for failing to request a competency hearing.

In addition, the Petitioner has failed to establish that he was prejudiced. He has simply not presented any evidence to establish that he was unable, at the time of the criminal proceedings at issue, to differentiate between right and wrong or to understand the proceeding against him at the time of his criminal proceeding. Since the Petitioner has not presented any evidence that counsel should have uncovered[7] that would have led the Court to conclude

---

[7]The Petitioner laments the destruction of his mental health records from the time period prior to January 1997. As an initial matter, these records were destroyed long before Petitioner's present criminal proceeding. As such, no action by counsel would have resulted in them being available for review. Equally important, these

10

that he was not competent to enter his guilty plea, he cannot establish that he was prejudiced and this claim is dismissed on that basis as well. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), *certiorari denied* 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993) (unsupported conclusory allegations do not entitle petitioner to an evidentiary hearing).

The Court has considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

---

records predated the records the Petitioner has produced and he has not asserted any facts to support a conclusion that such records contained any information that would support a conclusion that the Petitioner was incompetent at the time of the criminal proceedings at issue.

**ORDER**

**IT IS, THEREFORE, ORDERED** as follows:

1. The Respondent's Motion for Summary Judgment [Doc. 8] is hereby **GRANTED**;

2. The Petitioner's Motion to Deny Government's Motion for Summary Judgment, pursuant to Fed.R.Civ.Proc. 56(e) [Doc. 11] is hereby **DENIED**; and

3. The Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DISMISSED**.

Signed: December 16, 2010

Martin Reidinger
United States District Judge